IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MICHAEL DAVID FINNEGAN | * | |
| v. | * | Civil No. CCB-13-3781 |
| BULLDOG FEDERAL CREDIT UNION, et al. | * | |

******

## MEMORANDUM

Plaintiff Michael David Finnegan brings this lawsuit against former employer Bulldog Federal Credit Union and CEO David A. Barrett (together, "the defendants"), alleging that he was denied employment benefits because of a disability. Now pending before the court is the defendants' motion to dismiss or, in the alternative, for summary judgment. The issues in this case have been fully briefed, and no hearing is necessary. *See* Local R. 105.6. For the reasons stated below, the defendants' motion will be granted.

## BACKGROUND

This action arises out of Finnegan's discovery sometime between June 2009, when he resigned from his position at Bulldog Federal Credit Union, and October 2009, when he filed for unemployment compensation, that Barrett wrongfully denied him disability insurance benefits. (*See* Finnegan's Opp., ECF No. 13, at 2; *see also* Barrett Aff., ECF No. 8-2, at 1.) Notwithstanding this discovery in 2009, Finnegan did not file a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), until June 18, 2013, or more than three years later. (*See* Barrett Aff. at 2; *see also* Notice of Charge of Discrimination, ECF No. 8-2, at

1

6.)  Finnegan alleged violations of Title VII of the Civil Rights Act and the Americans with Disabilities Act ("ADA").  (Notice of Charge of Discrimination at 6.)

## STANDARD

The defendants have moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56.  A court considers only the pleadings when deciding a Rule 12(b)(6) motion.  Where the parties present matters outside of the pleadings and the court considers those matters, as here, the motion is treated as one for summary judgment.  *See* Fed. R. Civ. P. 12(d); *Gadsby by Gadsby v. Grasmick*, 109 F.3d 940, 949 (4th Cir. 1997); *Paukstis v. Kenwood Golf & Country Club, Inc.*, 241 F. Supp. 2d 551, 556 (D. Md. 2003).  "There are two requirements for a proper Rule 12(d) conversion."  *Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore*, 721 F.3d 264, 281 (4th Cir. 2013).  First, all parties must "be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment," which can be satisfied when a party is "aware that material outside the pleadings is before the court."  *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985); *see also Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998) (commenting that a court has no obligation "to notify parties of the obvious").  "[T]he second requirement for proper conversion of a Rule 12(b)(6) motion is that the parties first 'be afforded a reasonable opportunity for discovery.'"  *Greater Baltimore*, 721 F.3d at 281.

Finnegan had adequate notice that the defendants' motion might be treated as one for summary judgment.  The motion's alternative caption and attached affidavit are in themselves sufficient indicia.  *See Laughlin*, 149 F.3d at 260–61.  Moreover, Finnegan submitted additional exhibits along with his opposition brief.  If he had thought that he needed additional evidence to

oppose summary judgment, Rule 56(d), which he has not invoked, afforded him the opportunity to seek discovery through an affidavit.  *See* Fed. R. Civ. P. 56(d); *see also Greater Baltimore*, 721 F.3d at 281 ("[The defendant] took 'the proper course' when it filed the Rule 56([d]) Affidavit, 'stating that it could not properly oppose . . . summary judgment without a chance to conduct discovery.'") (citation omitted); *Laughlin*, 149 F.3d at 261 (refusing to overturn district court's grant of summary judgment on assertions of inadequate discovery when the nonmoving party failed to make an appropriate motion under Rule 56).  Therefore, the court will consider the additional materials submitted by the parties and will treat the defendants' motion as a motion for summary judgment.

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (emphasis added).  Whether a fact is material depends upon the substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."  *Id.*  "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in his favor.  *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citation omitted); *see also Greater Baltimore*, 721 F.3d at 283 (citation omitted).  At the same time, the court must not yield its obligation "to

prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (citation and internal quotation marks omitted).

## ANALYSIS

The defendants argue that Finnegan's claims must be dismissed, as he did not timely file his administrative charge with the EEOC. As explained by the Fourth Circuit, "Title VII establishes two possible limitation[s] periods for filing a discrimination charge with the EEOC." *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (citing 42 U.S.C. § 2000e-5(e)(1)). "The basic limitations period is 180 days after the alleged unlawful employment practice. However, the limitations period is extended to 300 days when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency." *Id.* (quoting *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 439 (4th Cir. 1998)). The same limitations periods apply to claims under the ADA. *See* 12 U.S.C. § 12117(a); *see also Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 661–62 (D. Md. 2011).

Even accepting the 300-day limitations period applies to this case, as the defendants do, Finnegan clearly failed to file a timely employment discrimination charge. *Cf. Prelich*, 813 F. Supp. 2d at 661–62 (reasoning that the plaintiff had 300 days to file a charge of discrimination under Title VII or the ADA because "Maryland, the state in which plaintiff was employed by defendant, is a deferral state"). Moreover, he offers nothing to suggest he is entitled to equitable tolling of the limitations period. The record establishes that he was aware well before the expiration of the limitations period of his employer's alleged discriminatory conduct, as well as his rights to seek redress. *Cf. Olson v. Mobil Oil Corp.*, 904 F.2d 198, 201–02 (4th Cir. 1990) (refusing to apply equitable tolling when the plaintiff was aware, at the time of his termination, of his employer's discriminatory conduct). Nor does he proffer any evidence indicating

wrongful conduct by the defendants with regard to the timing of his filing a charge or some extraordinary circumstance beyond his control.[1]  *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000); *see also Mohasco Corp. v. Silver*, 447 U.S. 807, 825 (1980) (rejecting the argument that a pro se plaintiff should be held to a different limitations period simply because he was acting without the assistance of counsel). Accordingly, the defendants' motion for summary judgment on Finnegan's Title VII and ADA claims must be granted.[2]

## CONCLUSION

For the reasons stated above, the court will grant the defendants' motion, and judgment will be entered in their favor.  A separate order follows.

May 19, 2014                                              /s/
Date                                                      Catherine C. Blake
                                                          United States District Judge

---

[1] Finnegan explains in his opposition brief that he had to wait about three and a half years before he received Social Security disability benefits, but this does not extend the statute of limitations. Additionally, even assuming that Barrett made untrue or inaccurate statements at a January 2014 hearing before the Workers' Compensation Commission, this allegation does not at all affect the case currently pending before the court.  Accordingly, a transcript of the hearing is not required.

[2] The court is not interpreting Finnegan's complaint as alleging a violation of Maryland law governing contracts.  To the extent it does, however, it would also be subject to dismissal based on statute of limitations.  *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101 (stating that civil actions must be filed within three years of the date when the cause of action accrues); *see also Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 167, 857 A.2d 1095, 1104 (2004) (explaining that the statute of limitations begins to run when the plaintiff knew or should have known about his potential claim).